UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JADELLS, INC., a Michigan corporation,
d/b/a HEALTHCALL OF DETROIT, INC.,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
insurance corporation,

    Defendant.
_____/

Case No. 10-10852

Hon. John Corbett O'Meara

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiff HealthCall of Detroit, Inc.'s ("HealthCall") motion for summary judgment, filed April 20, 2010. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a response on May 11, 2010. HealthCall submitted a reply brief on May 28. The court heard oral argument on June 10, 2010, and took the matter under advisement.

### BACKGROUND FACTS

This case involves a claim for automobile insurance benefits under Michigan's No-Fault Act. See M.C.L. § 500.3107. HealthCall provides home health care aides and nurses to Judith Middleton, who was severely injured in an automobile accident on October 31, 2000. As a result of the accident, Middleton suffered injuries including hip fractures, rib fractures, and respiratory failure. Although Middleton recovered from some of her initial injuries, she later suffered a paravertebral abscess that rendered her paraplegic. She is bedridden and dependent on a ventilator to breathe. She is also diabetic and has bedsores that require daily wound care.

Middleton's physician, Dr. Rajakumari Swamy, has determined that she requires 24-hour care, including the administration of medication, wound care and patient-turning for the decubitus ulcer, dialysis, catheter and colostomy bag assistance, and monitoring of her cardiovascular status and diabetes. She also requires attendant care services, such as meal preparation and assistance with personal hygiene. HealthCall bills Middleton's insurance carrier, State Farm, directly for the services it provides. Middleton's husband, William Middleton, also provides attendant care services, although payment for his services is not at issue in this action.

Since HealthCall began providing care to Middleton in 2004, several disputes have arisen with State Farm regarding payment of no-fault benefits. These disputes have resulted in four previous lawsuits, briefly described as follows:

Middleton I: *Judith Middleton v. State Farm*, Genesee County Circuit Court, filed October 12, 2005. This case was settled pursuant to a Facilitation Agreement, dated October 15, 2007. See Ex. F. The agreement provided that "the parties agree that Plaintiff's current condition is an accidental bodily injury arising out of the motor vehicle accident on October 31, 2000, and that this accidental bodily injury has caused the need for attendant care that is subject to the agreements in paragraphs 3 and 4 below." Id. at ¶ 1.

Middleton II: *HealthCall of Detroit v. State Farm*, Oakland County Circuit Court, filed May 20, 2005. This case was partially resolved by facilitated settlement; State Farm agreed to pay a portion of HealthCall's invoices from July 23, 2004, through October 31, 2005. State Farm would not agree to pay for private duty care HealthCall provided to Middleton during various hospitalizations (this private duty care was prescribed by Middleton's doctor, due to her

need for one-on-one attention). The parties agreed to submit this issue to the court on cross-motions for summary judgment, including stipulated facts. The court granted HealthCall's motion for summary disposition on August 21, 2006, requiring State Farm to pay for private duty care during Middleton's hospital stays. Ex. J.

Middleton III: *Judith Middleton v. State Farm,* Genesee County Circuit Court, filed October 29, 2008. This case alleged State Farm's failure to pay for attendant care services provided by Mr. Middleton, in violation of the Facilitation Agreement in Middleton I. The court granted Middleton's motion for summary disposition and ordered State Farm to reimburse Mr. Middleton in the amount of $30,400 for the attendant care services he provided to his wife up until May 1, 2009. Ex. I. (July 2, 2009 order).

Middleton IV: *HealthCall v. State Farm*, Oakland County Circuit Court, filed July 1, 2008. In this suit, HealthCall alleged a breach of the Middleton II facilitation settlement agreement and State Farm's failure to pay invoices totaling $109,695.75 for home health care services HealthCall provided to Middleton from November 1, 2004, to January 31, 2005. HealthCall prevailed at the trial court level and on appeal; State Farm is currently seeking leave from the Michigan Supreme Court.

HealthCall states that State Farm paid its invoices from September 1, 2007, through April 30, 2009, but has refused to pay for any services rendered since, thus giving rise to the current suit. HealthCall seeks summary judgment on the basis of collateral estoppel, contending the several issues have already been determined in its favor in the previous four lawsuits. State Farm, on the other hand, claims that HealthCall is billing for services not actually rendered.

## **LAW AND ANALYSIS**

**I.      Standard of Review**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

**II.     Collateral Estoppel**

The preclusive effect of a state court judgment in federal court is governed by the law of the state in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984). Under Michigan law, collateral estoppel, or issue preclusion, precludes re-litigation of an issue in a subsequent action between the same parties or their privies. To apply collateral estoppel to an issue, the following elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties or their privies must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel, if collateral estoppel is being applied offensively. Monat v. State Farm Ins. Co., 469 Mich. 679, 677 N.W.2d 843, 851 (2004).

A "valid and final judgment" with preclusive effect includes one obtained by settlement and or as a result of a ruling on a dispositive motion. See, e.g., Ditmore v. Michalik, 244 Mich. App. 569, 576, 625 N.W.2d 462 (2001) (res judicata applies to settlements and consent judgments); Detroit v. Nortown Theatre, Inc.,116 Mich. App. 386, 392, 323 N.W.2d 411 (1982) (res judicata applies to actions resolved by summary or default judgment). "[M]utuality of

estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action. In other words, '[t]he estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him.'" Monat, 677 N.W.2d at 846 (citations omitted). In the context of claims under the No-Fault Act, courts have found that the insured party is in privity with her medical provider. See, e.g., Shures v. State Farm Mut. Auto. Ins. Co., 2009 WL 3052239 (E.D. Mich. Sept. 18, 2009) (Cox, J.); Accident Victims Home Health Care v. Allstate Ins. Co., 2006 WL 1540793 at *3 (Mich. App. 2006).

In order to recover for allowable expenses under the No-Fault Act, a plaintiff must show (1) the rates charged were reasonable; (2) the services were reasonably necessary for the injured person's care, recovery, or rehabilitation; and (3) the expenses were incurred. Nasser v. Auto Club Ins. Ass'n., 435 Mich. 33, 457 N.W.2d 637, 645 (1990). HealthCall contends that the first two elements have been litigated in its favor in previous proceedings. HealthCall further contends that there is no genuine issue of material fact as to the third element and that summary judgment should be granted in its favor.

## III. Reasonableness of HealthCall's Rates

HealthCall notes that State Farm agreed to pay $25 per hour for unskilled home health aides in the Facilitation Agreement, as well as "the appropriate level of skilled care at commercially reasonable agency rates." Ex. F. at ¶ 4. Further, HealthCall argues that State Farm had the opportunity to challenge its rates in Middleton III, but did not, leading the court to rule that State Farm had abandoned the issue and that HealthCall's rates were reasonable. Ex. J at 14. HealthCall states that its hourly rates have not changed since 2005: $56 for a registered

nurse; $52 for a licensed practical nurse; $40 for a skilled or "high-tech" home health aide, and $25 for an unskilled home health aide. Def.'s Ex. D at ¶ 6.

Although State Farm does not appear to challenge HealthCall's rates per se, it does contend that HealthCall is charging for a higher level of service than is required in some instances. For example, State Farm alleges that HealthCall may provide a licensed practical nurse or "high-tech" home aide when only an unskilled aide is required. On this particular issue, summary judgment is not appropriate. However, to the extent State Farm is attempting to challenge HealthCall's rates in themselves, its argument must fail, by virtue of collateral estoppel and because State Farm has not proffered evidence that HealthCall's rates are unreasonable.

**IV.    Reasonably Necessity of HealthCall's Services**

State Farm disputes that the services rendered by HealthCall were necessitated by Middleton's accident. However, State Farm <u>agreed</u> in a Facilitation Agreement on October 15, 2007, that Middleton's "current condition" was an injury arising out of her car accident. Ex F. There is no evidence that Middleton's condition has changed since October 15, 2007. This issue was fully and fairly litigated by the Defendant (State Farm) and Judith Middleton, who is in privity with HealthCall with respect to her No-Fault claims. There is mutuality of estoppel; in other words, had there been a determination that Middleton's condition was <u>not</u> caused by the accident, HealthCall would be bound by that adjudication. See <u>Shures</u>, 2009 WL 3052239 at *6-7. Accordingly, State Farm is barred by collateral estoppel from re-litigating this issue.

State Farm argues that the Facilitation Agreement is invalid because its attorney made changes to it without the authorization of the claims adjuster. State Farm tried to have portions

of the Facilitation Agreement voided in Middleton III, but its motion was denied. See Ex. L. Thus, this issue has been litigated in state court and State Farm is precluded from raising it now. Further, State Farm does *not* contend that the portion of the agreement where it agrees that Middleton's injury was caused by the accident was procured by fraud or was inserted by the attorney without the adjuster's knowledge. Accordingly, this argument does not assist State Farm here.[1]

State Farm also argues that it should not have to pay for 24-hour attendant care by HealthCall when Middleton is in the hospital. This general proposition has already been litigated by the parties in Middleton II. See Exs. A (stipulation of facts), J (order). State Farm is precluded by collateral estoppel from re-litigating the issue here.

However, as noted previously, State Farm does challenge the *level* of service provided in some instances (*e.g.* a LPN instead of an unskilled aide). State Farm also contends that

---

[1] In any event, State Farm would be unlikely to succeed on the merits of this argument. If its attorney inserted terms to which it did not agree into the settlement agreement, its remedy is to pursue claims against the attorney, not invalidate the agreement. See Nelson v. Consumers Power Co., 198 Mich. App. 82, 89-90, 497 N.W.2d 205 (1993):

> Generally, when a client hires an attorney and holds him out as counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter. Thus, a third party who reaches a settlement agreement with an attorney employed to represent his client in regard to the settled claim is generally entitled to enforcement of the settlement agreement even if the attorney was acting contrary to the client's express instructions. In such a situation, the client's remedy is to sue his attorney for professional malpractice. The third party may rely on the attorney's apparent authority unless he has reason to believe that the attorney has no authority to negotiate a settlement.

Id.

HealthCall is billing for services actually performed by hospital staff. These arguments have not been previously addressed for the claims at issue in this case; accordingly, summary judgment on the reasonable necessity of the *particular services* at issue here is not appropriate. See, e.g., Nasser, 435 Mich. at 50 ("[I]t is each particular expense that must be both reasonable and necessary. The concept of liability cannot be detached from the specific payments involved, or expenses incurred.").

## V. Charges Actually Incurred

As noted above, State Farm challenges whether the particular services claimed by HealthCall were actually provided in some instances. Some of the invoices are for periods of time when Middleton was in the hospital; State Farm contends that it does not appear from the documentation that HealthCall employees were providing services; rather, they were documenting services provided by hospital personnel. See Def.'s Br. at 18-19. Also, it appears that HealthCall billed for more hours than those actually worked. Id.

HealthCall responds that it provided a corrected bill to State Farm in February 2010, to which State Farm has not responded. HealthCall also contends that State Farm should pay the undisputed portions of the invoices. See M.C.L. § 500.3142(2). To the extent State Farm does not dispute that certain services were actually provided, summary judgment may be appropriate. However, the parties have not identified which portions are disputed and which are not. On this record, the court cannot make that determination. Therefore, summary judgment on the issue of whether the charges were actually incurred is not appropriate at this time.

## VI. Conclusion

Certain issues have been litigated already between the parties and their privies: (1)

causation/ reasonable necessity of services (in general); and (2) the reasonableness of HealthCall's rates (in general). In this case, it remains to be determined whether the particular services at issue (1) were actually provided (incurred) in some instances; and (2) whether they were provided at reasonable rates given the level of service provided. It may be that State Farm cannot challenge the bulk of HealthCall's invoices; however, the current state of the record does not allow the court to determine which invoices are at issue and which are not. The court will grant in part and deny in part HealthCall's motion.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

s/John Corbett O'Meara
United States District Judge

Date: June 23, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 23, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager