UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JADELLS, INC., a Michigan corporation,
d/b/a HEALTHCALL OF DETROIT, INC.,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
insurance corporation,

    Defendant.
                                    /

Case No. 10-10852

Hon. John Corbett O'Meara

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR RECONSIDERATION**

    Before the court is Defendant's motion for reconsideration of this court's June 23, 2010 opinion and order granting in part and denying in part Plaintiff's motion for summary judgment. Pursuant to LR 7.1(h)(2), the court did not require a response or conduct a hearing. The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

    The court ruled in its June 23 order that State Farm was barred by collateral estoppel from litigating whether Judith Middleton's current medical condition arose from her car accident. Specifically, the court stated:

> State Farm disputes that the services rendered by HealthCall were
> necessitated by Middleton's accident. However, State Farm
> <u>agreed</u> in a Facilitation Agreement on October 15, 2007, that
> Middleton's "current condition" was an injury arising out of her
> car accident. Ex F. There is no evidence that Middleton's
> condition has changed since October 15, 2007. This issue was
> fully and fairly litigated by the Defendant (State Farm) and Judith
> Middleton, who is in privity with HealthCall with respect to her
> No-Fault claims. There is mutuality of estoppel; in other words,
> had there been a determination that Middleton's condition was <u>not</u>
> caused by the accident, HealthCall would be bound by that
> adjudication. See Shures, 2009 WL 3052239 at *6-7.
> Accordingly, State Farm is barred by collateral estoppel from re-
> litigating this issue.

Order at 6.

State Farm now argues that Middleton's "current condition" "has been broadly and improperly construed to encompass her pre-existing diabetic ailments." Br. at 8. State Farm further asserts that the court's ruling "improperly requires State Farm to be responsible for diabetic treatment, services, etc. when there is no indication that such activities are related in any way to the October 31, 2000 accident." Id. at 10. Because State Farm never raised this specific argument in the original motion papers, however, this court did not rule that State Farm was required to pay for Middleton's diabetic treatment. This issue was not addressed by the parties or the court. To the extent State Farm believes that Middleton's "current condition" – as defined in the parties' Facilitation Agreement dated October 15, 2007 – does not encompass her diabetes, that issue remains to be determined here. To be clear, the court is *not* ruling that the issue is not barred by collateral estoppel, but that it was not specifically ruled upon by the court in its June 23, 2010 order.

State Farm also contends that the court erred by finding that State Farm was collaterally estopped from challenging Middleton's need for attendant care while in the hospital. In this

respect, State Farm presents issues already ruled upon by the court and has not demonstrated a "palpable defect."

Accordingly, IT IS HEREBY ORDERED that State Farm's motion for reconsideration is GRANTED IN PART and DENIED IN PART, consistent with this order.

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date: July 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 30, 2010, using the ECF system and/or ordinary mail.

                                                      s/William Barkholz
                                                    Case Manager